UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Viann Bonoan, on behalf of herself and and others similarly situated <br><br> Plaintiff, <br><br> v. <br><br> Discover Financial Services, Inc., <br><br> Defendants. | Case No: 1:19-cv-06286 <br><br> CLASS ACTION COMPLAINT <br><br> Jury Trial Demanded |

**Nature of this Action**

1. Viann Bonoan ("Plaintiff") brings this class action against Discover Financial Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**Parties**

5. Plaintiff is a natural person who at all relevant times resided in Humble, Texas.

1

6. Defendant is a financial services company whose principal place of business is in Riverwoods, Illinois.

**Factual Allegations**

7. In June 2017, Plaintiff obtained a new cellular telephone number—(281) XXX-9685.

8. Plaintiff is, and was at all relevant times, the regular and sole user of her cellular telephone number.

9. Since obtaining her cellular telephone number, Plaintiff has received dozens of "wrong number" calls, many of which were debt collection calls, from various companies, including Defendant.

10. For example, on July 3, 2018, Plaintiff received a call from telephone number (800) 347-0350.

11. This number is associated with Defendant.

12. Upon placing a call to telephone number (800) 347-0350, an automated message states: "Thank you for calling Discover…."

13. In addition, a search of telephone number (800) 347-0350 on the Internet indicates it is associated with Defendant.[1]

14. Upon information and good faith belief, Defendant maintains business records that show other calls it placed to Plaintiff's cellular telephone number.

15. Plaintiff is not, nor was, one of Defendant's customers.

16. Plaintiff does not, nor did, have any business relationship with Defendant.

---

[1] *See* https://800notes.com/Phone.aspx/1-800-347-0350, last accessed September 11, 2019 ("This is Discover calling. (Discover credit card) I called the # back to see who it was. They had not left a message. Since I have no business with them, I presume it was a sales call. Got a recording and hung up. I called from a blocked # for my own safety and privacy.").

2

17. Plaintiff did not provide her cellular telephone number to Defendant.

18. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

19. Plaintiff does not, nor did she, owe a debt that Defendant was attempting to collect.

20. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach Harold Cortez.

21. Plaintiff does not know Mr. Cortez.

22. Of note, Discover's "robocalling" practices have been reported in the news. *See* https://www.chicagotribune.com/business/ct-discover-robocalls-lawsuit-0713-biz-20150710-story.html ("Discover sued over . . . robocalls").

23. Similarly, Discover has previously been the subject of litigation for its unlawful robocalling practices. *See Bradley v. Discover Financial Services*, United States District Court, Northern District of California Case No. 4:11-cv-5746-YGR; *Steinfeld v. Discover Financial Services*, et al., United States District Court, Northern District of California Case No. 3:12-cv01118-JSW.

24. On May 17, 2013, the parties in the *Bradley* and *Steinfeld* matters reached a classwide settlement in the amount of $8.7 million.

25. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

26. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—

3

and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018)

27. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

28. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

31. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

32. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her home and life, and a private nuisance.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

### Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Discover Financial Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Discover Financial Services Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

35. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The members of the class are ascertainable because the class is defined by reference to objective criteria.

39. In addition, the members of the class are identifiable in that, upon information and

belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

40. Plaintiff's claims are typical of the claims of the members of the class.

41. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

42. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

43. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

44. Plaintiff suffered the same injuries as the members of the class.

45. Plaintiff will fairly and adequately protect the interests of the members of the class.

46. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

47. Plaintiff will vigorously pursue the claims of the members of the class.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. Plaintiff's counsel will vigorously pursue this matter.

50. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

51. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

52. Issues of law and fact common to all members of the class are:

    a. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

  b. Defendant's violations of the TCPA;

  c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

  d. The availability of statutory penalties.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

54. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

55. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

56. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

57. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

58. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

59. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

60. There will be little difficulty in the management of this action as a class action.

61. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

63. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number without consent.

64. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls, absent consent, to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 20, 2019

*/s/ Gary M. Klinger*
Gary M. Klinger
Kozonis & Klinger, Ltd.
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*